**IN THE COURT OF APPEALS OF IOWA**

No. 14-1885
Filed February 25, 2015

**IN THE INTEREST OF T.B.,**
 **Minor Child,**

**M.S., Mother,**
 Appellant.

_____

Appeal from the Iowa District Court for Winnebago County, Karen K. Salic, District Associate Judge.

A mother appeals from termination of her parental rights. **AFFIRMED.**

Charles H. Biebesheimer of Stillman Law Firm, Clear Lake, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Adam Sauer, County Attorney, for appellee.

Theodore Hovda, Garner, for father.

Andrew Gordon of Bakke & Gordon Law Offices, Forest City, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

The mother appeals from termination of her parental rights.[1]  She contends the juvenile court erred in finding the exceptions under Iowa Code section 232.116(3)(a) and (c) (2013) did not apply to prevent termination.  We affirm.

We review termination-of-parental-rights proceedings de novo.  *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).  We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but are not bound by them.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).  Our primary consideration is the best interest of the child.  *Id.* at 776.

Section 232.116(3) provides the court need not terminate parental rights if, under section 232.116(3)(a), "[a] relative has legal custody of the child"; or, under 232.116(3)(c), "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."  "'The factors weighing against termination in section 232.116(3) are permissive, not mandatory.'"  *A.M.*, 843 N.W.2d at 113 (quoting *In re D.S.*, 806 N.W.2d 458, 474-75 (Iowa Ct. App. 2011)).  "[T]he court may use its discretion based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship."  *Id.*  The juvenile court found neither of the exceptions applied in this case.

---

[1] The father's rights were also terminated.  He does not appeal.

With respect to subsection (3)(a), "[a] relative has legal custody of the child," the juvenile court found, "It is true that [T.B.] is placed with relatives [the paternal grandparents]; however, she is not even two years old yet, and to keep her in a non-permanent living situation for the remaining 16+ years of her life is needlessly harmful to her." We agree with the juvenile court. T.B. is not yet two years old and has spent a year out of her mother's care. The mother does not challenge the court's finding that the evidence supports the statutory grounds for termination. Under the circumstances, it is not in T.B.'s best interest to delay permanency because she is placed with the paternal grandparents.[2] Therefore, we do not apply the exception to prevent termination.

With respect to subsection (3)(c), "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship," the juvenile court found

> [W]hile [T.B.] does appear to enjoy spending time with her parents, [the mother] for an unfortunately long time did not regularly exercise visitation. Of late she has been much better in that area, but neither her or [the father's] interactions with [T.B.] are those of a parent and child, but rather simply someone [T.B.] likes to play with when she is presented to her. This does not demonstrate that they have a bond, or at the very least a bond so strong that legally severing the parent-child relationship would be harmful or detrimental to [T.B.]

---

[2] The mother complains here, as she did before the juvenile court, that the father has an unfair advantage in that his parents have custody of T.B. and therefore he will be able to see her despite having his parental rights terminated, and the mother will not. The juvenile court found the paternal grandparents complied with the visitation and supervision schedule with their son and there is no reason to believe they will not comply with future court orders regarding his contact with T.B. We agree and see no reason to disturb this finding.

We note, as did the juvenile court, that the mother was very sporadic about attending visitation with T.B. until close to the termination hearing. There was a six-month period during this case when the mother did not see T.B. at all, followed a few months later by another one-month stretch of no contact. In all, more than half the time T.B. was out of the mother's care, the mother had no contact with T.B. T.B. was originally removed from the mother's care due to substance abuse problems which are still unresolved. The mother has a long history of substance abuse with multiple relapses and numerous failed drug tests during the life of this case. T.B. has been with the paternal grandparents for half her life. They are approved to be considered to adopt her. She has been doing well in their home. On our de novo review and giving deference to the credibility determinations of the juvenile court, we cannot find that severing the parent-child relationship would be detrimental to T.B.'s best interests.

**AFFIRMED.**